LOCKE LORD LLP
Conrad V. Sison, (SBN: 217197)
csison@lockelord.com
Susan J. Welde, (SBN: 205401)
swelde@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Attorneys for Plaintiff and Counter-Defendant
SELECT PORTFOLIO SERVICING, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, INC. | CASE NO. 4:14-cv-00551-YGR |
| Plaintiff, | Hon. Yvonne Gonzalez Rogers |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| PACIFIC SPECIALTY INSURANCE COMPANY; ADEL M. MAHMOUD, JR., | |
| Defendants. | |
| AND RELATED CROSS ACTIONS | |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, Plaintiff and Counter-defendant Select Portfolio Servicing, Inc. ("SPS"), Defendant and Cross-defendant Pacific Specialty Insurance Company ("PSIC") and Defendant and Cross-claimant Adel Mahmoud, Jr. ("Mahmoud") (collectively, the "Parties") hereby submit the following joint report after conducting the conference of counsel on various dates in April, 2014 and thereafter.

## I.   JURISDICTION ND SERVICE

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 as SPS is a citizen of Utah and Mahmoud and PSIC are each citizens or deemed to be citizens of California. The Court's jurisdiction over this matter on diversity grounds is not disputed. All parties have been served and responsive pleadings to the complaint and cross-claim/counter-claim have been filed.

## II.   STATEMENT OF THE CASE AND LEGAL ISSUES

### Complaint

SPS is the mortgage servicer for a home mortgage loan issued to Mahmoud for the property located at 6305 Jerilynn Avenue, Richmond, CA, 94806 ("the Property") which is documented by a Deed of Trust. It is SPS's position that the Deed of Trust allows SPS to take necessary steps to protect its interest in the Property and requires Mahmoud to maintain the Property to prevent it from deteriorating or decreasing in value. SPS further contends that in the event any insurance proceeds are paid in connection with damage to the Property, Mahmoud is responsible under the Deed of Trust to repair or restore the Property upon release of insurance proceeds from SPS.

The Property suffered fire loss on December 18, 2012. PSIC adjusted the loss and issued two checks totaling $104,164.59 and made payable jointly to Mahmoud and SPS ("Insurance Funds"). However, Mahmoud did not deposit the checks and, upon reissue, the checks remain uncashed. Mahmoud disputes the amount of the Insurance Funds as insufficient to cover the insured loss. PSIC asserts that Mahmoud never took issue with the repair estimate and that this lawsuit is the first notice it has

2

JOINT CASE MANAGEMENT STATEMENT
*Select Portfolio Servicing, Inc. v. Pacific Specialty Insurance Co., et al.*, Case No. 4:14-cv-00551-YGR

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

1 received that the repair estimate is insufficient to address the scope of the fire loss.
2 SPS asserts that it cannot ascertain whether the Insurance Funds are sufficient or
3 adequate without an inspection of the Property. SPS further maintains that it provided
4 notice to PSIC prior to the filing of this lawsuit regarding the potential challenge to
5 the amount of the insurance proceeds.

6 SPS contends that, to date, Mahmoud has withheld consent for an inspection.
7 Mahmoud asserts that SPS's true intent is not to verify the propriety of the Insurance
8 Funds, but rather to appraise the Property for purposes of a Trustee's Sale or short sale
9 or to otherwise facilitate foreclosure proceedings. Mahmoud also asserts that he
10 retained an independent inspector to adjust the fire loss and the independent inspector
11 concluded that PSIC had undervalued the fire damage. However, SPS contends that
12 Mahmoud has not yet made the independent inspection report or findings available to
13 SPS and PSIC contends that Mahmoud never put PSIC on notice that its repair
14 estimate was insufficient to address the scope of the fire loss.

15 **Counter-Claim**:

16 Mahmoud filed a counter-claim against SPS arising from his unsuccessful
17 attempt to obtain a loan modification. It is SPS's contention that Mahmoud's attempts
18 to obtain a modification predate SPS's involvement with the loan. Mahmoud alleges
19 that SPS violated California Homeowner Bill of Rights, Cal. Civ. Code Section 2923,
20 among others, by engaging in "dual tracking"—undertaking modification of the loan
21 while at the same time engaging in a short sale or foreclosure of the property.
22 Mahmoud also claims that SPS has negligently and/or intentionally made false and/or
23 fraudulent representations that Mahmoud will obtain a loan modification although
24 SPS purportedly does not intend to modify his loan.

25 SPS filed a Motion to Dismiss Mahmoud's Counter-claim which was scheduled
26 for hearing on July 11, 2014. However, on July 10, 2014, this Court issued an Order
27 requesting Supplemental Briefing regarding whether this Court has jurisdiction over
28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

the Counter-claim.  The jurisdictional issue has not yet been ruled upon to the Parties' knowledge, and the Motion to Dismiss hearing has not yet been rescheduled.

**Cross-Claim**:

Mahmoud filed a counter-claim against PSIC alleging breach of contract and insurance bad faith in connection with PSIC's payments for his property and personal property damage claims arising out of the fire loss.

**SPS's position:**  SPS filed the subject action in an attempt to gain access to the Property in an effort to inspect the extent of damage caused by the December 2012 fire and evaluate the accuracy of the insurance benefits paid by PSIC for the fire loss. SPS has not been granted access to the property and therefore seeks court intervention to gain access.  (See Attachment 1 – Proposed Order).  Once SPS has had an opportunity to inspect the Property, to the extent SPS determines that additional funds are due and owing from PSIC, SPS will then seek the appropriate amount of any additional policy benefits from PSIC.

SPS also seeks to protect its interest, as mortgagee, in the Property by assuring that the Insurance Funds are used to repair and restore the Property.  SPS seeks court intervention in enforcing the Deed of Trust which requires the repair and restoration of the Property.  SPS also requests an injunction and/or order of specific performance ordering Mahmoud to endorse the PSIC checks or otherwise permit the Insurance Funds to be made payable to SPS.  Finally, SPS seeks a judicial declaration stating that any statutory or contractual deadlines to challenge the amount of insurance funds issued by PSIC be tolled pending SPS's investigation of the claim, including for the period required to gain access to the Property and to perform an evaluation of the propriety of the amount of the insurance proceeds issued by PSIC.

With respect to Mahmoud's Cross-claim, SPS has filed a Motion to Dismiss on the grounds set forth below.  SPS also notes that, despite Mahmoud's assertion that he is actively seeking a loan modification, he has repeatedly failed to provide the

documentation required to process his request and was previously denied a modification on the basis that he had not provided the requested materials.

**PSIC's position:**

PSIC immediately extended coverage to Mahmoud following the fire loss. It promptly estimated the coverage claims and issued checks for those portions of the claims that were covered by the policy of insurance. Specifically, it issued checks to Mahmoud in the amount of $5,305 for Fair Rental Value coverage and $15,773.37 for damage to Personal Property. It also issued checks to Mahmoud and SPS totaling $104,164.59 for the damage to the dwelling.

This case is a dispute between Mahmoud and his lender, SPS. Mahmoud never advised PSIC that he took issue with these payments and his counter-claim is the first notice received by PSIC that the coverage payments are somehow insufficient. PSIC acted reasonably at every stage of the claims handling; Mahmoud failed to communicate and/or cooperate and failed to mitigate his damages.

**Mahmoud's position:**

Issues that have to be resolved are:

a.   Against SPS

1)   Whether Mahmoud denied inspection to SPS

2)   Whether SPS was merely trying to use the inspection process to appraise the property and facilitate the sale

3)   Whether Mahmoud did anything that prevented the timely repair of the property

4)   Whether SPS and PSIC bear responsibility for failure to timely repair the property denying Mahmoud the benefit of repaired property

5)   Whether Mahmoud should be compensated by SPS and PSIC for the delay and the clean-up and partial repair of the property

6)   Whether SPS violated the California Homeowners Bill of Rights subjecting it to damages and attorney's fees award to Mahmoud

7) Whether SPS was negligent in processing Mahmouds's loan modification application

8) Whether SPS fraudulently misrepresented in engaging in modification process with Mahmoud

9) Whether Mahmoud is entitled to punitive damages against SPS for fraudulent misrepresentation.

**b.** <u>Against PSIC</u>

1) Whether PSIC breached the insurance contract by failing to make timely payment

2) Whether PSIC's failure to promptly settle, investigate and pay accrued damages constitutes bad faith subjecting PSIC to punitive damages.

### III. <u>DISCOVERY PLAN</u>

#### A. **Initial and Expert Disclosures**

The Parties agree that initial disclosures shall be made by all parties no later than August 20, 2014. The Parties agree to make their expert disclosures within the time set by Federal Rules of Civil Procedure 26(a)(2)(c).

#### B. **Subjects and Limits of Discovery**

The Parties agree that this case is not complex and that discovery does not need to be conducted in phases. The Parties agree that some written discovery and depositions may be necessary following the production of Initial Disclosures. If this matter proceeds to trial, expert discovery may be required and will be conducted pursuant to FRCP Rule 26(a)(2).

#### C. **Proposed Schedule**

**SPS and Mahmoud**:

| | |
|---|---|
| Discovery Cut-Off: | February 2, 2015 |
| Last Day to File Motions: | March 17, 2015 |
| Last Day to Hear Motions: | May 12, 2015 |

6

| | |
|---|---|
| Final Pre-Trial Conference: | May 28, 2015 |
| Trial: | June 8, 2015 |

**PSIC:**

| | |
|---|---|
| Discovery Cut-Off: | November 1, 2014 |
| Last Day to File Motions: | December 1, 2014 |
| Last Day to Hear Motions: | January 9, 2015 |
| Final Pre-Trial Conference: | February 9, 2015 |
| Trial: | February 23, 2015 |

## IV. TRIAL ESTIMATE

SPS's Trial Estimate:  Bench Trial - 5 - 7 days

PSIC's Trial Estimate:  Bench Trial - 2 -3 days

Mahmoud's Trial Estimate: Jury Trial  - 2-7 days.

## V. ISSUES WHICH MAY BE RESOLVED BY DISPOSITIVE MOTIONS

SPS's Position:     SPS has filed a Motion to Dismiss Mahmoud's Cross-Claim on the grounds that it fails to state a cause of action and is uncertain.  Mahmoud is not entitled to protection under Cal. Civ. Code Section 2923.6 because SPS has not recorded a notice of default or notice of sale on the subject property in violation of Section 2923.  Mahmoud is otherwise excluded from protection under Section 2923.6 because the acts he complains of occurred in principal part prior to the effective date of the statute.  Furthermore, the alleged solicitation of a short sale by SPS is not prohibited by Section 2923.6.  Finally, there is no basis for any separate tort claims for fraudulent misrepresentation or negligence because Mahmoud has not suffered any damages as a result of any acts allegedly performed by SPS.

PSIC's Position:    This lawsuit centers around a dispute between Mahmoud and his lender, SPS.  PSIC acted reasonably at all times, extended coverage to Mahmoud, and issued promptly issued payments for those portions of the claims covered by the policy of insurance.  Mahmoud failed to communicate and/or cooperate and has failed to mitigate his damages.

<u>Mahmoud's Position</u>:  Mahmoud does not plan, at this time, to file a dispositive motion.

## VI.   DAMAGES RANGE

SPS's Position – The potential damages arising from SPS's Complaint are based on any unpaid loss arising from the subject fire and are thus not ascertainable at this time, but are anticipated to be in an amount less than $100,000.

<u>PSIC's Position</u> - PSIC is not making any claim for damages.

<u>Mahmoud's Position</u> – "Mahmoud has incurred expenses in cleaning and repairing the fire damages.  His loss of personal property as well as relocation expenses until the fire damages was repaired to render the residence habitable.

Against SPS Mahmoud seeks the time and effort he invested in his effort to obtain loan modification, expenses he incurred ion repairing the fire damages as a result of false assurance by SPS regarding loan modification."

## VII.   RELATED CASES

The parties are not aware of any related cases.

## VIII.   INSURANCE

This is in principal part an insurance dispute.

## IX.   DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

The Parties are not aware of any non-party interested persons or entities.

## X.   SETTLEMENT

The Parties have not made substantive efforts to settle the case.  The Parties agreed to ADR Procedure No. 2 – a neutral selected from the Court's Mediation Panel.  In addition, the parties participated in a telephonic settlement conference on May 22, 2014.  It was agreed at that time that further dispute resolution measures could be fruitful.  However, the parties have not been ordered to participate in any further ADR as of this date.

Because there are certain threshold issues that need to be addressed, such as SPS's inspection of the Property, before any damages evaluation can be conducted, the Parties opt to defer any ADR proceedings until after the Property inspection has occurred.

## XI. AMENDMENT OF PLEADINGS

The Parties do not anticipate any amendment of pleadings at this time unless ordered by the Court.

## XII. LIKELIHOOD OF ADDITIONAL PARTIES

The Parties do not anticipate the addition of parties.

## XIII. EVIDENCE

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in this action.

## XIV. UNUSUAL ISSUES

SPS seeks a court order allowing it to access the Property to conduct an inspection. SPS is willing to obtain court approval of the proposed inspector if required by the other parties. SPS asks that the Court order the inspection as part of the Case Management Order. (See Attachment 1 Proposed Order).

## XV. CONSENT TO MAGISTRATE JUDGE

The Parties consent to a Magistrate Judge for all purposes.

## XVI. OTHER REFERENCES

The Parties agree that this case is not appropriate for binding arbitration, Multi District Litigation or a special master.

## XVII. BIFURCATION

**SPS's Position**: SPS recommends that its claims for declaratory relief be bifurcated from any potential damages dispute. SPS anticipates that Mahmoud's Cross-claim will be dismissed via the pending motion. However, to the extent that

does not occur, SPS recommends that Mahmoud's Cross-claim against it for violations of Civ. Code § 2932.6, false misrepresentations and negligence be bifurcated as those claims do not involve the same legal or factual issues raised in SPS's Complaint.

**PSIC's Position:** PSIC does not have a position regarding bifurcation of the claims between Mahmoud and SPS.

**Mahmoud's Position:**

Mahmoud opposes bifurcation. SPS's claim for inspection and also to have the property appraised to determine the reasonable value of loss of the property is tied to Mahmoud's claim for breach of contract and bad faith against PSIC.

Dated: July 21, 2014                                   Respectfully submitted,

                                                       LOCKE LORD LLP


                                                       By: /s/ *Susan J. Welde*
                                                           Conrad V. Sison
                                                           Susan J. Welde
                                                           *Attorneys for Plaintiff SELECT*
                                                           *PORTFOLIO SERVICING, INC.*

Dated: July 21, 2014                                   CODDINGTON, HICKS & DANFORTH


                                                       By: /s/ *Kathryn C. Klaus*
                                                           Lee J. Danforth
                                                           Kathryn C. Klaus
                                                           *Attorneys for Defendant PACIFIC*
                                                           *SPECIALTY INSURANCE COMPANY*

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

10
JOINT CASE MANAGEMENT STATEMENT
*Select Portfolio Servicing, Inc. v. Pacific Specialty Insurance Co., et al.*, Case No. 4:14-cv-00551-YGR

| | |
|---|---|
| Dated: July 21, 2014 | LAW OFFICE OF TESFAYE TSADIK |
| | By: /s/ *Tesfaye Tsadik* |
| | Tesfaye Tsadik |
| | *Attorneys for Defendant ADEL M. MAHMOUD, JR.* |

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

JOINT CASE MANAGEMENT STATEMENT
*Select Portfolio Servicing, Inc. v. Pacific Specialty Insurance Co., et al.*, Case No. 4:14-cv-00551-YGR